NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICAELA TALAVERA-TURJA, | No. 16-72598 |
| Petitioner, | Agency No. A205-320-632 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 5, 2022
Portland, Oregon

Before: WATFORD, R. NELSON, and LEE, Circuit Judges.

Micaela Talavera-Turja petitions for review of an order of the Board of

Immigration Appeals (BIA) affirming the denial of her application for withholding

of removal and protection under the Convention Against Torture. We grant the

petition and remand to the agency for further proceedings.

The BIA's decision addressed only the immigration judge's determination

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

that Talavera-Turja was not a credible witness. The agency's adverse credibility determination rested primarily on an exchange that occurred toward the end of Talavera-Turja's testimony, when she mentioned that Geronimo, her persecutor in Mexico, was her ex-husband. Up until that point in the proceedings, Talavera-Turja had referred to Geronimo as the father of her daughter without specifying that they were once married. When asked, she could not remember the date of her marriage or when her marriage was legally terminated, although she did recall how old she was when she got married.

This exchange, whether characterized as an inconsistency or an omission, is insufficient to support the adverse credibility determination. Talavera-Turja consistently referred to Geronimo as the father of her daughter and stated that they had been in a relationship. Her clarification that she had once been married to Geronimo is not inconsistent with those earlier statements. Further, Talavera-Turja's initial failure to mention her previous marriage to Geronimo is a "collateral or ancillary omission" that does not suggest her claim was fabricated. *Iman v. Barr*, 972 F.3d 1058, 1067–68 (9th Cir. 2020). Talavera-Turja's testimony and claim for relief were predicated on the abuse she suffered at the hands of Geronimo, not the precise nature of her relationship with him. Her testimony regarding that abuse was consistent with her asylum application, and she mentioned that she was once married to Geronimo only when asked on re-direct

examination by her attorney. Under the totality of the circumstances, this limited exchange does not meaningfully undermine her credibility. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010).

The BIA also based its adverse credibility determination on what it characterized as Talavera-Turja's vague and nonspecific testimony regarding the death of her cousin and threats made to her family. But Talavera-Turja was describing incidents affecting third parties that she learned of second-hand, so the lack of detail in her testimony on these points is "less probative of credibility." *Lai v. Holder*, 773 F.3d 966, 971, 973–74 (9th Cir. 2014).

Because neither of the grounds asserted by the BIA supports an adverse credibility determination, we grant Talavera-Turja's petition for review and remand to the agency for further proceedings.

**PETITION FOR REVIEW GRANTED; CASE REMANDED.**